IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| ELIDA RIVAS, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | 1:16-cv-00343 (LMB/JFA) |
|  | ) |  |
| SALDIVAR & ASSOCIATES, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

ORDER

Before the Court is plaintiffs' Motion for Attorney's Fees and Costs [Dkt. 30]. In their motion, plaintiffs seek $15,744 in attorney's fees and $1,266.07 in compensable costs. The defendants have not filed a response.

Plaintiffs Elida Rivas and Delia Gutierrez filed a complaint on March 29, 2016, alleging that, during plaintiffs' employment with the defendants, the defendants failed to 1) pay plaintiffs the statutorily mandated minimum wage and overtime pay, 2) compensate them for half-hour lunch breaks, or 3) correctly calculate the hours worked, all in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. [Dkt. 1]. Defendants did not respond to the waiver of service forms that were sent to them and each was subsequently served with a copy of the summons and complaint. See Report and Recommendation, [Dkt. 24] at 2. None of the defendants filed an answer or other responsive pleading. Id. Plaintiffs then obtained a default from the Clerk of the Court and filed a Motion for Default Judgment. [Dkt. 10, 12]. After conducting a hearing on the plaintiffs' Motion for Default Judgment, at which defendant Robert P. Saldivar appeared on behalf of himself and Saldivar & Associates, Inc., a magistrate judge issued a Report and Recommendation ("Report") recommending that plaintiffs' motion be granted and that Rivas

be awarded $14,012.08 in damages (consisting of $7,006.04 in unpaid minimum hourly and overtime wages and $7,006.04 in liquidated damages) and that Gutierrez be awarded $11,674.68 in damages (consisting of $5,837.34 in unpaid minimum hourly and overtime wages and $5,837.34 in liquidated damages). Id. at 22. Defendants did not file any objections to the Report, which this Court adopted. On August 29, 2016, a default judgment in the total amount of $25,686.76 was entered against the defendants, jointly and severally. [Dkt. 28].

The FLSA provides for the mandatory award of reasonable attorney's fees and costs of the action to a prevailing plaintiff. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). At the instruction of the Court, plaintiffs filed a Motion for Attorney's Fees and supporting materials, seeking $15,744 in attorney's fees and $1,266.07 in compensable costs. Notwithstanding defendants' failure to contest the motion for fees, the Court is obligated to review the fee award request independently for reasonableness. Kennedy v. A Touch of Patience Shared Hous., Inc., 779 F. Supp. 2d 516, 525 (E.D. Va. 2011).

In determining the amount of attorney's fees to impose, a court must first calculate the "lodestar figure" by multiplying the reasonable hourly rate by the number of hours reasonably expended, and then consider the twelve factors set forth in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978); see also Grissom v. The Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008). Those factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

2

Kimbrell's, Inc., 577 F.2d at 226 n.28. A court need not address all twelve Kimbrell's Inc. factors independently "because such considerations are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Freeman v. Potter, No. 7:04-cv-276, 2006 WL 2631722, at *2 (W.D. Va. Sept. 13, 2006) (citing Hensley v. Eckerhart, 461 U.S. 424, 434 n.9 (1983)), Report and Recommendation adopted, No. 7:04-cv-276 (W.D. Va. Oct. 4, 2006). Instead, a court need only discuss in detail "those factors that are relevant to its determination of the reasonable amount of attorneys' fees to award in each particular case." Kennedy, 779 F. Supp. 2d at 526.

A prevailing party may recover costs, other than attorney's fees, under Fed. R. Civ. P. 54(d)(1); however, absent contractual authorization, a court may tax only those costs authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c) (1991). Pursuant to 28 U.S.C. § 1920, the general taxation of costs statute, a court may tax:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A court may deny costs due to "their excessiveness in a particular case." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

The hourly rate sought by plaintiffs' counsel is $320. Counsel's rate has been approved in two other cases in this district, see Avilla Flores v. Rababeh, No. 1:15-cv-1415 (July 13, 2016, Dkt 30 and 32); Claros v. Sweet Home Improvements, Inc., No. 1:16-cv-344 (Aug. 8, 2016, Dkt. 33)

3

and this Court shares in their conclusion that, given Mr. Marritz's level of experience, this rate is reasonable. Mr. Marritz attests that he spent over 70 hours on this case and has, for purposes of this motion, eliminated various time entries to reduce his compensable time to 49.2 hours, or $15,744. The time expended by plaintiffs' counsel appears reasonable for preparing the complaint and motion for default judgment, as well as other related tasks.

With respect to compensable costs, plaintiffs seek $1,266.07, which includes $400 for the civil filing fee, $780 for service of process, and $86.07 in postage. Taxing defendants for the civil filing fee is expressly authorized by 42 U.S.C. § 1988(c)(1), service of process costs can be charged to the defendant upon failure to waive service of process pursuant to Fed. R. Civ. P. 4(d)(2), and this court recognizes that postage is an appropriate cost, see, e.g., Kennedy, 779 F. Supp. 2d at 526. For the foregoing reasons, plaintiffs' Motion for Attorney's Fees and Costs [Dkt. 30] is GRANTED and it is hereby

ORDERED that plaintiffs Elida Rivas and Delia Gutierrez be and are awarded $15,744 in attorney's fees and $1,266.07 in compensable costs, for a total award of $17,010.07 to be paid by the defendants Saldivar & Associates, LLC, Robert P. Saldivar, and Michelle M. Bloxton, jointly and severally.

The Clerk is directed to enter this judgment in favor of the plaintiffs pursuant to Fed. R. Civ. P. (55)(b)(2) and forward copies of this Order to counsel of record and to defendants at their addresses of record in the file by certified mail, return receipt requested.

Entered this 4th day of October, 2016.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

4