UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

(ALEXANDRIA DIVISION)

ELIDA RIVAS and
DELIA GUTIERREZ,

    *Plaintiffs*,

v.

SALDIVAR & ASSOCIATES, INC.,
*et al.*,

    *Defendants*

**Case No: 1:16-cv-343-LMB-JFA**

**Memorandum in Support of Motion to Clarify the Judgment**

On August 29, the Court entered a default judgment in Plaintiffs' favor, awarding them damages. On October 4, the Court entered an amended default judgment, awarding Plaintiffs their attorney's fees but making no mention of the original damages award. Plaintiffs now wish to begin collections procedures by docketing these judgments in the appropriate state court. But because the second judgment is styled as an "amended" judgment, Plaintiffs are concerned that the state court may treat the second judgment as annulling the original judgment entirely. Thus, out of an abundance of caution, and to avoid any future ambiguity, Plaintiffs respectfully move the Court for an order directing the Clerk to issue one single judgment that includes all of the relief ordered by the Court in this case.

1

**Procedural History**

On July 22, 2016, Plaintiffs moved for default judgment in this case. The Court granted the motion on August 29 (ECF No. 28), and the Clerk entered a Default Judgment (ECF No. 29) that same day, granting relief against all Defendants jointly and severally as follows:

- $14,012.08 to Plaintiff Elida Rivas
- $11,674.68 to Plaintiff Delia Gutierrez
- $400 in costs

The Court also ordered that Plaintiffs file any motion for attorneys' fees and costs within 14 days of judgment, per Civil Rule 54(d). (*See* ECF No. 28 at 3). Plaintiffs filed their motion for fees and costs on September 1. (ECF No. 30). The Court granted the motion on October 4 (ECF No. 33), ordering that Plaintiffs be awarded $17,010.07 in fees and costs, and the Clerk entered an Amended Default Judgment that same day (ECF No. 34). The Amended Default Judgment granted relief against all Defendants jointly and severally as follows:

- $17,010.07 to Plaintiffs

Plaintiffs now wish to begin collections procedures by docketing these judgments in the appropriate state court. But because the second judgment is styled as an "amended" judgment, Plaintiffs are concerned that the state court may treat the second judgment as annulling the original judgment entirely. And because the second judgment does not include the amounts awarded in the first judgment, this would result in Plaintiffs not being able to enforce that first judgment at all. Thus, out of an abundance of caution, Plaintiffs respectfully move the Court for an order directing the Clerk to issue one single judgment that includes all of the relief ordered by the Court in this case.

## Legal Standard

While Plaintiffs have not found a Federal Rule of Civil Procedure that they believe squarely addresses this issue, the closest rule on point is likely Rule 60(a). Rule 60(a) authorizes a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

Under Rule 60(a), a district court can correct clerical errors appearing in a judgment, as long as it limits itself to making apparent what the court originally intended to do, and does not alter the parties' substantive rights. *See United States v. Lightner*, 266 F. App'x 240, 241 (4th Cir. 2008) (district court erred in "clarifying" judgment, where the purported "clarification" in fact served to modify the judgment); *see also Audiology Distribution, LLC v. Hawkins*, No. 5:13CV154, 2014 WL 6775599, at *6 (N.D.W. Va. Dec. 2, 2014) (collecting cases).

In this case, to be clear, Plaintiffs do not believe that either the Court or the Clerk's office *has* made a "mistake" in entering these judgments; they only request that the Court issuing a single judgment that reflects completely the decision that the Court actually made, so as to avoid any ambiguities in enforcing the judgment later on; Plaintiffs are not requesting one penny more or less that what as actually awarded. Such an action would be considered purely "clerical," as it would simply show all of the relief to which Plaintiffs are in fact entitled; it would not change any party's substantive rights.

## Conclusion

For all these reasons, Plaintiffs hereby seek an order directing the Clerk to enter one single judgment that reflects all of the relief ordered by the Court in this case. A proposed judgment accompanies this motion.

Respectfully submitted,


/s/ Nicholas Cooper Marritz                               Date: November 8, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for Plaintiffs*

## Certificate of Service

I, Nicholas Marritz, counsel for Plaintiffs, hereby certify that on November 8, 2016, I served Defendants with the foregoing *Memorandum in Support of Motion to Clarify the Judgment* via U.S. Mail, at the following addresses:

| DEFENDANT | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 |
| --- | --- | --- | --- |
| **Saldivar & Associates Inc.** d/b/a R&R Catering Robert P. Saldivar, Registered Agent | 8004-A Alban Rd. Springfield, Va. 22150 | 7956 Cameron Brown Ct. Springfield, Va. 22153 | 8721 Bitterooot Ct. Lorton, Va. 22079 |
| **Robert P. Saldivar** | Saldivar & Associates Inc. d/b/a R&R Catering 8004-A Alban Rd. Springfield, Va. 22150 | Saldivar & Associates Inc. d/b/a R&R Catering 7956 Cameron Brown Ct. Springfield, Va. 22153 | 8721 Bitterooot Ct. Lorton, Va. 22079 |
| **Michelle M. Bloxton** | "Blu 1681" 13188 Marina Way Woodbridge, Va. 22191 | 6564 Manet Ct., Woodbridge, Va. 22193 | |

/s/ Nicholas Cooper Marritz                                                   Date: November 8, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for Plaintiffs*